**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

            Plaintiff,

v.

CLINTON A. REEVES,

            Defendant.

Case No.   25-03149-01-CR-S-MDH

**MOTION FOR DETENTION**

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant Clinton A. Reeves, and moves for pretrial detention of the Defendant, pursuant to 18 U.S.C. §3142(e) and (f) for the following reasons:

1. **Eligibility of Case.** This case is eligible for a detention order because this case involves (check all that apply):

    ☐    Crime of violence (18 U.S.C. § 3156(a)(4)), under 18 U.S.C. §3142(f)(1)(A)

    ☐    A violation of 18 U.S.C. § 1591, under 18 U.S.C. §3142(f)(1)(A).

    ☐    Crime of Terrorism (18 U.S.C. § 2332b (g)(5)(B)) with a maximum sentence of ten years or more, under 18 U.S.C. §3142(f)(1)(A).

    ☐    Crime with a maximum sentence of life imprisonment or death, under 18 U.S.C. §3142(f)(1)(B)

    ☐    Drug offense with a maximum sentence of ten years or more, under 18 U.S.C. §3142(f)(1)(C)

    ☐    Felony offense and defendant has two prior convictions as described in 18 U.S.C. §3142(f)(1)(A) and (C), or two State convictions

1

  that would otherwise fall within 18 U.S.C. §3142(f)(1)(A) and (C) if federal jurisdiction had existed, under 18 U.S.C. §3142(f)(1)(D)

- ☐ Felony offense involving a minor victim other than a crime of violence, under 18 U.S.C. §3142(f)(1)(E)
- ☒ Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon, under 18 U.S.C. §3142(f)(1)(E)
- ☐ Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. § 2250), under 18 U.S.C. §3142(f)(1)(E)
- ☐ Serious risk the defendant will flee, under 18 U.S.C. §3142(f)(2)(A)
- ☐ Serious risk of obstruction of justice, including intimidation of a prospective witness or juror, under 18 U.S.C. §3142(f)(2)(B)

2. **Reason for Detention.** The Court should detain defendant because there are no conditions of release which will reasonably assure (check both):

- ☒ Defendant's appearance as required.
- ☒ Safety of any other person and the community.

3. **Rebuttable Presumption.** The United States will invoke a rebuttable presumption against defendant under § 3142(e). The presumption applies because (check all that apply):

- ☐ Probable cause to believe defendant committed offense within five years of release following conviction for a qualifying offense committed while on pretrial release, under 18 U.S.C. §3142(e)(2).
- ☐ Probable cause to believe defendant committed drug offense with a maximum sentence of ten years or more, under 18 U.S.C. §3142(e)(3)(A).
- ☐ Probable cause to believe defendant committed a violation of one of the following offenses: 18 U.S.C. §§ 924(c), 956 (conspiracy to murder or

2

> kidnap), or 2332b (act of terrorism), under 18 U.S.C. §3142(e)(3)(B).
>
> ☐ Probable cause to believe defendant committed a violation of 18 U.S.C. §2332b(g)(5)(B) (crime of terrorism) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed, under 18 U.S.C. §3142(e)(3)(C).
>
> ☐ Probable cause to believe defendant committed an offense under chapter 77 of title 18 for which a maximum term of imprisonment of 20 years or more is prescribed, under 18 U.S.C. §3142(e)(3)(D).
>
> ☐ Probable cause to believe defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. §§1201, 1591, 2241, 2242, 2244(a)(l), 2245, 2251, 2251A, 2252(a)(l) through 2252(a)(3), 2252A(a)(l) through 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425, under 18 U.S.C. §3142(e)(3)(E)

4. **Additional Factors for Consideration**. The evidence against the defendant is overwhelming and the defendant has demonstrated that he is a danger to the community. In this case, the evidence presented at trial would be that on or about August 22, 2024, the defendant was charged in the Circuit Court of Howell County, Missouri by sworn felony complaint with the Missouri felony of unlawful use of a weapon and misdemeanor domestic assault, for an incident involving the defendant threatening his girlfriend with a firearm, and then subsequently threatening to kill himself. The defendant waived his right to a preliminary hearing and a felony information was filed on April 11, 2025, charging the same offenses. On August 14, 2025, while out on bond for that offense, the defendant went with his 20-year-old girlfriend and a minor to C&R Gun, Ammo, and Pawn (C&R), a Federal Firearms Licensee (FFL), in Howell County, Missouri, and attempted to take possession of the firearm charged in the Indictment. The defendant was captured on video surveillance receiving the pistol charged in the Indictment from the FFL, handling it for a moment, briefly handing it to his

3

girlfriend that he was charged with assaulting, while still maintaining possession of it by hovering his hand over it as his girlfriend inspected it, and filling out a United States Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, in which he was required to answer under penalty of perjury if he was under information or indictment for any felony offense; the defendant answered "no". The firearm transfer to the defendant was properly denied due to his pending charges in Howell County, Missouri.

While the defendant has a minimal criminal history, he is demonstrably a danger to others, particularly his girlfriend, and has shown that there are no condition or combination of conditions that will reasonably assure the safety of the community. The defendant is currently out on bond for a domestic-related offense against his girlfriend involving a firearm and it appears as though he is continuing to have contact with that individual and attempting to possess firearms while under indictment or information for a felony offense.

5. **Time for Detention Hearing.** The United States requests the Court conduct the detention hearing:

☐ At the initial appearance.

X After a continuance of 3 days.

4

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant in accordance with 18 U.S.C. § 3142(e).

Respectfully submitted,

R. MATTHEW PRICE
United States Attorney

By: *[signature]*

Anthony M. Brown
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on October 21, 2025, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

*/s/ Anthony M. Brown*
Anthony M. Brown
Assistant United States Attorney